UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

**BRIAN J. CLARK,**

     v.                                                                                    1:18-cv-01298 (NAM-CFH)

**COCA-COLA BEVERAGES
NORTHEAST, INC.,**
                    **Defendant.**
───────────────────────────────────────

**APPEARANCES:**

Carlo Alexandre C. de Oliveira
Cooper, Erving Law Firm
39 North Pearl Street, 4th Floor
Albany, NY 12207
*Attorney for Plaintiff*

John V. Hartzell
Nolan & Heller, LLP
39 North Pearl Street
Albany, NY 12207

Peter Bennett
The Bennett Law Firm, P.A.
75 Market Street, Suite 201
Portland, ME 04101
*Attorney for Defendant*

**Hon. Norman A. Mordue, Senior U.S. District Court Judge:**

## ORDER

Plaintiff Brian J. Clark brought this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., Title I of the Civil Rights Act of 1991 ("Title I"), 42 U.S.C. § 1981a, and the New York State Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 *et seq*., asserting claims against Defendant Coca-Cola Beverages Northeast, Inc. for disability discrimination, failure to accommodate, and retaliation. (Dkt. No. 1). On November 20, 2020,

1

this Court granted Defendant's motion for summary judgment, dismissing Plaintiff's action. (Dkt. Nos. 56 and 57).

On December 1, 2020, Defendant filed a "Bill of Costs" pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule N.Y.N.D. 54.1(a) for $4,409.35.  (Dkt. No. 59).  Plaintiff opposes the motion, (Dkt. No. 61), and Defendant has submitted a reply, (Dkt. No. 62).  The Court reviews the motion pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure; 28 U.S.C. §§ 1821, 1920; N.D.N.Y. Local Rule ("L.R.") 54; and the N.D.N.Y. Guidelines for Bills of Costs ("N.D.N.Y. Guidelines").[1]

Under Rule 54(d)(1) and L.R. 54(d)(1), the prevailing party in a civil action should generally be allowed reasonable costs.  These costs include only the specific items enumerated in 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Defendant may recover costs for deposition transcripts "necessarily obtained for use in the case". 28 U.S.C. § 1920(2).  Under the N.D.N.Y. Guidelines, the taxable costs include: transcripts of the parties to a case; "[t]ranscript[s] used in support of a motion. Note the title of the motion, the date it was filed, and where in the motion the transcript was used;" and the "[c]ost of copies of transcripts of an opposing party's noticed depositions."  Section II(D)(1)(c), (f), (k).

---

[1] *See* http://www.nynd.uscourts.gov/sites/nynd/files/Bill_of_Costs_guidelines.pdf.

On the other hand, the Court may deny costs because of "misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Portelos v. Hill*, 830 F. App'x 66, 67 (2d Cir. 2020) (summary order) (citing *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016)).

In this case, Defendant is the prevailing party and seeks to recover costs in the amount of $4,409.35, which includes: 1) $46.75 for printing costs; 2) $40.00 for witness travel fees; and 3) $4,322.60 for deposition transcripts and fees related to ten witnesses. (Dkt. Nos. 59, p. 1; 59-1, pp. 2–6). In response, Plaintiff "objects to Defendant's costs insofar as Defendant seeks the costs of certified copies of transcripts that were not necessary and costs that are not specifically permitted by 28 U.S.C. § 1920. (Dkt. No. 61, p. 1). Primarily, Plaintiff argues that Defendant should not recover costs to obtain certified copies of deposition transcripts for seven witnesses noticed by Plaintiff, totaling $2,340.35, because Plaintiff offered to provide Defendant with copies free of charge. (*Id.*, pp. 3–4).

However, the Guidelines clearly state that taxable costs include transcripts of an opposing party's noticed depositions. *See* Section II(D)(1)(k). And Plaintiff admits that these transcripts were used in Defendant's motion for summary judgment. *See also Keesh v. Smith*, 2008 U.S. Dist. LEXIS 42405, *5, 2008 WL 2242622, *2 (N.D.N.Y. May 29, 2008) ("When a deposition transcript . . . is submitted to the court for consideration of a motion for summary judgment, costs are properly allowed . . ."). Thus, the record, declaration, and exhibits submitted by Defendant support the request for costs related to the deposition transcripts for the witnesses noticed by Plaintiff.

Next, Defendant requests costs in the amount of $1,263.80 for the deposition transcript of Plaintiff Brian Clark and related fees. The Court has reviewed the evidence supporting Defendant's request and finds that $1,263.80 is permitted in costs for the Clark deposition. *See* 28 U.S.C. § 1920(2); N.D.N.Y. Guidelines Section II(D)(1)(c), (h), (i).

Defendant also requests costs for its depositions of Lisa Clark and Andrew Gluck. The evidence supports the request for the costs of the deposition transcript for Lisa Clark, for $223.25. *See* N.D.N.Y. Guidelines Section II(D)(1)(f); (Dkt. 44-23). However, Defendant has failed to show how the deposition of Andrew Gluck was used in its successful motion. *See* Section II(D)(1)(f); (Dkt. 59-1, p. 5). Therefore, the Court will not award costs for that deposition. Witness fees for Mr. Gluck are denied for the same reason.

In sum, Defendant has demonstrated a basis for awarding costs of $3,827.40 (the total of $2,340.35, $1,263.80, and $223.25). The Court will exercise its discretion and reduce this amount by 25 percent based on the difficulty of the issues in this case. A review of the summary judgment decision shows that Plaintiff's claims were non-frivolous and brought in good faith. (Dkt. No. 56). In particular, Plaintiff came quite close to establishing a prima facie case of disability discrimination. (*Id.*, pp. 9–15). And proving pretext and but-for-causation can be very difficult in discrimination cases, where direct evidence of an employer's ill-motive is rare. Accordingly, the Court will award costs in the amount of $2,870.55.[2]

WHEREFORE, it is hereby

**ORDERED** that Defendant's Motion for Bill of Costs (Dkt. No. 59) is **GRANTED in part**; and it is further

---

[2] To the extent Plaintiff argues that Defendant's motion is procedurally defective, the Court finds that Defendant's efforts to comply with Local Rule 54.1(a) were reasonable under the circumstances and that any defect was effectively cured.

    **ORDERED** that the Clerk of the Court shall award Defendant costs for this action in the **amount of $2,870.55**.

    IT IS SO ORDERED.

Date:   January 5, 2021
          Syracuse, New York

*Norman A. Mordue*
Norman A. Mordue
Senior U.S. District Judge